NelsON, .T.,
delivered the opinion of the Court.
The presentment was intended to be framed upon the act of June 16, 3870, c. 13. It charges that the defendant “unlawfully and willfully did carry a belt or pocket pistol, or revolver,” he not being an officer, or policeman, &c., &c. The presentment was quashed, on motion, and the State appeals.
Notwithstanding the able and ingenious argument of the Attorney General, in support of the presentment, we hold that the charge is in the disjunctive, and, therefore, defective and insufficient, according to Whitesides v. The State, 4 Cold., 183. See, also, 1 Wat. Arch. Cr. Pl., *134 282, and notes, and 291, note 1, et seq.; 1 Chitty Cr. Law.[1]
The reasons for the ancient strictness in indictments; are so lucidly stated in the authorities cited, that it would be a work of supererogation to repeat them. "While, in some respects, this strictness, in the language of Sir Matthew Hale, had “grown to be a blemish and inconvenience in the law and in the administration thereof,” it should never be forgotten that much of the certainty required in indictments arose during the protracted struggle for liberty, against prerogative, in England, and was the shield interposed by the judicial tribunals, for the protection of the citizen against wrong and oppression. The experience of the last few years should admonish us that the barriers erected by the wisdom of our ancestors for the protection of public and private liberty, can not be maintained with too much vigilance or determination.
Affirm the judgment.

 In Handaman v. The State, Knoxville, Oct. 21, 1871, it was held, Nelson delivering the opinion of the Court, that this form of statement was not cured by the Code, 5122, providing that, “when an offense may be committed by different means, the means may be alleged in the same count in the alternative.” That here different offenses are charged in the alternative. That section was intended to provide that murder might be charged to have been committed by different means, as by blows, poison or strangulation; or with different weapons in the alternative; or that the pretences by which money was obtained, might be stated in like manner and for like cases.